JEANNOT, DEMANDANTE Y APELANTE, v. DALMAU, DEMANDADOS Y APELADOS, Y "THE CENTRAL MACHETE CO.," INTERVENTORA Y APELADA.

No. 3078.—*Visto:* Febrero 28, 1924. *Resuelto:* Mayo 1, 1924.

PRELACIÓN DE CRÉDITOS—REFACCIÓN AGRÍCOLA—PRUEBA.—La única prueba ofrecida en este caso sobre prelación de crédito, fué: un contrato privado de préstamo con garantía de las cañas a favor de A, un simple pagaré a la orden de la central B suscrito, como aquél, por el deudor, y la declaración de éste en cuanto a que había invertido el producto de ambos préstamos en la siembra y cultivo de las cañas. *Se resolvió:* que el mero hecho de que el dinero fuera empleado en la siembra y cultivo de la caña no podía convertir una u otra de las obligaciones en un contrato de refacción agrícola.

SENTENCIA de *R. Díaz Cintrón*, J. (Guayama), declarando con lugar demanda de intervención y crédito preferente, sin costas. *Revocada y devuelto el caso.*

*A. Porrata Doria* y *M. A Martínez*, abogados de la apelante; *J. J. Aponte*, abogado de los demandados-apelados; y *J. Tous Soto*, por la interventora-apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Eugenio Dalmau, como arrendatario de cierta propiedad inmueble, tomaba dinero prestado a doña Carmen Jeannot, viuda de Ramos, y en garantía del préstamo afectaba las plantaciones de caña existentes en la finca.

Posteriormente la señora Ramos estableció demanda en la Corte de Distrito de Guayama en cobro de un saldo debido por virtud de esta obligación, y embargó las cañas en crecimiento así afectadas.

La Central Machete intervino entonces alegando tener un subsiguiente contrato de préstamo refaccionario, y ser demandante en un pleito pendiente contra Dalmau en la Corte Municipal de Ponce, en el cual se había practicado un segundo embargo de la misma caña.

La Corte de Distrito de Guayama, después de celebrar una vista sobre los méritos, resolvió que la reclamación hecha por la central constituía un crédito preferente, y como

tal tenía derecho a que fuera primero satisfecha con el producto de la caña embargada.

La única prueba aducida al juicio fué un simple pagaré pagadero a la orden de la central, el documento arriba descrito en primer lugar, y la declaración de Dalmau en el sentido de que él había gastado el dinero que obtuvo de la señora Ramos para terminar la siembra de la caña en cuestión y había usado el importe recibido de la central en el tercer desyerbo de la caña. No hubo absolutamente nada que indicase un acuerdo definitivo entre las partes ya para contratar respecto al fin o fines para el cual fué facilitado el dinero, o cómo había de ser empleado. En ausencia de alguna prueba en contrario, el deudor en uno u otro caso estaba en libertad para emplear el producto en aquella forma que estimase conveniente. El mero hecho de que el dinero fuera empleado en la siembra y cultivo de la caña no podía convertir una u otra de las obligaciones en un contrato de refacción agrícola.

No existe, pues, ninguna base para la teoría del interventor de una preferencia por el fundamento de un gravamen subsiguiente, y por tanto superior, de crédito refaccionario, en lo que respecta a tales dos contratos no inscritos. Por otra parte, una ley aprobada en marzo 10, 1904 (p. 131) titulada ''Ley para que los agricultores puedan contraer préstamos con la garantía de productos y efectos agrícolas, y para otros fines,'' prescribe que:

''Serán objeto de garantía para esta clase especial de préstamos, las cosechas recolectadas o por recolectar, los frutos, granos, semillas, legumbres, aguardientes, mieles, azúcar, tabaco, sal marina, maderas de construcción, plantas secas, ganados, aves de corral, carros, artefactos y máquinas agrícolas movibles.''

Es cierto que las partes en la primera de las dos obligaciones aquí envueltas no observaron el procedimiento prescrito por esa ley; y puede ser, y probablemente es también cierto, que varias de sus disposiciones, tal como la que per-

mite el remate de los efectos, no servirían al acreedor que no puede presentar la certificación formal que expresamente constituye la base de ese procedimiento. Pero de ello no se infiere que un gravamen que deliberadamente se ha constituido sobre una cosecha en crecimiento por su dueño sin cumplirse estrictamente con el método prescrito por la ley por tal omisión es absolutamente nulo. El fin principal de la disposición legal era hacer que tales dueños pudieran tomar dinero prestado por virtud de dicha garantía; y no hay lugar a duda en cuanto a la intención de las partes respecto al contrato arriba citado en primer término, de establecer un gravamen sobre la cosecha en cuestión como garantía del préstamo.

No hay nada que indique, ya en la opinión emitida por el juez sentenciador ni en el alegato del apelante, aparte de la cuestión de un segundo y por tanto superior contrato de préstamo agrícola, ya resuelta, porque en lo que respecta a las partes en el primitivo contrato, o en cuanto al primero y segundo acreedores embargantes en este caso, no debe darse completa fuerza y efecto al expresado gravamen.

Pero sea esto como fuere, y por otras razones ya indicadas, la *sentencia apelada debe revocarse, y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.